PARTNERSHIP — DISSOLUTION — FIRM CAPITAL—PURCHASE OF INTEREST OF DE-
    CEASED PARTNER.
    A partnership agreement between father and son provided that, in the event of the death of either, his wife should assume all the privileges and benefits from profits or otherwise as belonged to her husband. On the father's death, the son, exercising an option secured to him by his father's will, purchased his father's interest in the business, except real estate which was used therein. Held, that the son by such purchase took title to all moneys of the firm and accounts receivable undivided at the date of the father's death, and that the father's executor was therefore not required to account for the same.

Judicial settlement of the accounts of James Ebb Weir and Margaret A. Weir, as executors of the last will of James Weir, Jr., deceased. On application to surcharge the executor's accounts with the cash on hand and book accounts of a firm of which decedent was a member at his death. Application denied.

Swanstrom & Keyes, for executors.
Joseph M. Belford, for Jessie W. Hawkins.
Lloyd M. Howell, for Mabel M. Miller.
Harry S. Cook, special guardian for Janet R. Weir, infant.

KETCHAM, S. The decedent was the senior member of a firm in which his son was his only partner. The articles of copartnership provided that, after deducting all expenses of conducting the business, the net profits should be divided, in certain specified proportions, from time to time as might be agreed upon; and that, in the event of the death of either partner, his wife should "assume all the privileges and benefits from profits or otherwise as belonged to her husband." The will of the decedent provided that the son could, at his option, purchase all the right, title, and interest of the testator in the business of the firm at a specified price, but that the subject of this purchase was not to include the real estate, obviously meaning real estate of which the decedent died seised and which was used in the partnership business. At the time of the death there was cash in bank and in the office, belonging to the firm, which had not been divided between the partners or separated in any way, but which had been received generally in the course of the conduct of the business subsequently to the last division of profits prior to the death of the decedent. At the same time the firm had accounts receivable. The surviving partner, with the widow of the deceased, have since the death carried on the business under the terms of the copartnership agreement, and the widow has received certain profits, in the estimation of which were included all the moneys of the firm on hand at the date of the death of the decedent and all accounts outstanding at that time. For the payment of these profits the surviving partner has received the widow's receipt in full, and it is clear that there is an absolute accord and settlement between them. The surviving partner, in the exercise of the option secured to him by the will, has purchased the interest of the deceased partner by an agreement with all of the parties in interest.

Upon these facts the questions raised are stated by the parties, by stipulation, as follows: Whether the estate of the decedent is entitled to share in the money and book accounts in the hands of the firm and undivided at the date of the death, or whether the executor was right in regarding these as firm assets in which the widow of the decedent is entitled to share instead of the decedent's estate, and, further, whether or not in any event these assets would not pass to the surviving partner under his purchase of the decedent's interest in the business in case they did not belong to, or were not included in, the widow's share of the profits of the business as provided for by the partnership agreement.

Clearly, if the moneys of the firm and its accounts receivable, belonging to the partnership at the time of the death, passed to the surviving partner under his purchase, the other questions submitted will not be reached. If the surviving partner acquired all of these assets by his purchase, the executor is not concerned in the transfer of any part of them to the widow, whether they were transferred as her own

under the articles of copartnership or were a gift to her of that which was his own under the purchase.

As to the moneys of the firm in its bank or in its cash drawer, as well as its outstanding accounts receivable, immediately before the death, neither partner had any personal or exclusive title. The utmost interest which they had was held by them in common as partners and represented merely the right to divide and separate from the partnership stock such net profits as might be ascertained from time to time by agreement. In the meantime, these assets, like all other property of the business, constituted by one undivided fund. Upon the death these moneys and book accounts necessarily passed, like all the properties of the firm, to the surviving partner, subject to his duty to account to the legal representatives of the deceased partner, not for the assets in specie, but for such balance as might be ascertained by accounting. Hence both before and after the death of the senior partner the only relation which he had to the assets now in dispute was represented by his right to an account and the payment to him, or to his estate, of whatever might be ascertained as the balance thereof, in which he had a proportionate share.

The provision in the will that the surviving partner might purchase all the right, title, and interest of the testator in the business of the firm, whether judged by the ordinary meaning of the language employed or by the circumstances under which the testator spoke, contemplated a sale to the son of every right, title, or interest which was in the testator before his death or in his estate immediately thereafter, and by the purchase, made in the exercise of the option, the surviving partner obtained complete title to all the assets in controversy.

The application to surcharge the accounts of the executor with the amount of this cash on hand and the book accounts of the firm at the date of the decedent's death is denied.